Smith, J.
In this case it clearly appears that quite a number of per *613 sons who were parties to the controversy in the probate court, and in the court of' common pleas, to which it was taken by appeal, are not parties to this proceeding in error in any way. They were all directly interested and affected by the decree which was rendered in the court of common pleas, ordering the distribution of the estate of Marcy who had made an assignment of his property to Crane, for the benefit of his creditors. Marcy alone, was made a defendant to the error proceeding. There were several other persons who held mortgages on the property, executed by Marcy before the assignment, and who were parties in the proceeding in the probate court and in the common pleas. Any change or modification of the decree of the common pleas, would affect their interests. As has been said, neither they or Crane, the assignee, (whc, possibly, if he had been made a defendant, might have represented their interests), were made parties to this proceeding to réversse that decree. They were proper and necessary parties to this proceeding. The decree in the common pleas having been rendered in July, 1894, and proper parties not having been made, and it being now too late to do so, this court has no jurisdiction to reverse or modify said decree, and the case must be stricken from the docket. See Smetters v. Rainey, 14 Ohio St., 287; Jones v. March, 30 Ohio St., 20; Burke v. Taylor, 45 Ohio St., 444; Page v. McConville, 10 O. C. C., 316.
Thomas MoDougall, for Plaintiff inJError
Marsh & Ritchie, contra.